**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**PANAMA CITY DIVISION**

**CASE NO. _____**


MIRANDA L. HARTZELL,

      Plaintiff,

vs.

DAVID TATUM, as Sheriff of
Calhoun County, Florida,
HARRELL REVELL, as Sheriff of
Liberty County, Florida and
Transport Officer and Deputy Sheriff
Of Calhoun County WILLIAM STRAWN, individually,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES**
**<u>AND DEMAND FOR JURY TRIAL</u>**


      Plaintiff, Miranda L. Hartzell, sues Calhoun County Sheriff David Tatum, Liberty County Sheriff, Harrell Revell, and William Strawn, Calhoun County Deputy Sheriff, individually, for violation of the Plaintiff's constitutionally protected rights under 42 U.S.C. §1983 due to the criminal sexual assault upon Plaintiff while she was in the Defendants' custody and care.

1

## JURISDICTION, PARTIES AND VENUE

1.     This is an action for damages under the provisions of 42 USC §1983.  This Court has jurisdiction under 28 USC §§ 1331 and 1343.  Plaintiff request that this court exercise supplemental jurisdiction over State Law counts pursuant to 28 USC §1367.  T).

2.     At all times material to this lawsuit, Plaintiff, Miranda L. Hartzell was an inmate at the Liberty County Detention Center located in Bristol, Florida.  On one occasion, material to this complaint, she was temporarily housed at the Gadsden Correctional Facility in Quincy, Florida.  At all times material, Ms. Hartzell was in the custody, control and care of the Calhoun County Sheriff David Tatum, of the Liberty County Sheriff Harrell Revell, and William Strawn, in his official capacity as a Transport Officer and deputy sheriff of Calhoun County.

3.     Venue is proper in Calhoun County and Liberty County, Florida because the causes of action alleged herein accrued in these Counties; and the defendants are residents of these counties.

4.     Plaintiff, Miranda L. Hartzell, brings this action against the defendants pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of law of the Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States.  As to the state law, Notice of Claim was served in compliance with Section 768.28 Florida Statutes and all other conditions precedent have been fulfilled.  Plaintiff seeks money damages to redress the deprivation of her constitutional and civil rights.

Plaintiff also seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable federal or state laws.

5.     At the time he sexually assaulted Miranda L. Hartzell, Defendant, William Strawn was a Transport Officer employed by the Calhoun County Sheriff's Office, and was at all times acting under color of State law.

6.     Calhoun County Sheriff, David Tatum, and Liberty County Sheriff Harrell Revell, as head of the Women's Facility of the Liberty County Detention Center, had a duty to promulgate written policies for the Calhoun County Sheriff's transportation officers and Sheriff's Deputies, including defendant William Strawn and for the Liberty County Detention Center, yet they failed to promulgate such policies or promulgated inadequate policies and procedures.  They also had the ability and authority to impose and modify disciplinary actions.  Sheriff Revell was responsible for the operation of the Liberty County Detention Center and for the implementation of the policies that they chose and put into force.

7.     Liberty County is a political subdivision of the State of Florida.  It operates, manages, directs and controls the Liberty County Sheriff's Department and the Liberty County Detention Center which housed Plaintiff Miranda Hartzell.  Calhoun County is a political subdivision of the State of Florida.  It operates, manages, directs and controls the Calhoun County Sheriff's Department.

8.     At all times material, Defendant William Strawn was employed by the Calhoun County Sheriff's Department as a Deputy Sheriff and Transport Officer and was

assigned to work as a Women's Transportation Officer at the Liberty County Detention Center.  Calhoun County had no women's facility for housing its female inmates.  Instead Calhoun County entered into an agreement with Liberty County to house its female inmates.

**GENERAL ALLEGATIONS**

9.     In or about 2007, Plaintiff Miranda L. Hartzell was an inmate in the women's facility of the Liberty County Jail in Bristol, Florida.

10.     In a continuing pattern of conduct, on several occasions in 2007 through mid-November 2007, Defendant William Strawn, a Calhoun County Deputy Sheriff and Transport Officer, came to the women's facility in Liberty County and checked Plaintiff Hartzell out of the facility.

11.     On most of these occasions, Defendant Strawn indicated that he needed to transport Ms. Hartzell to dentist appointments and court hearings.  On each of these transports, Defendant Strawn would take a detour to a secluded area, remove her from the back of his patrol vehicle, pull her pants down and have with her handcuffs and shackles still on without a condom, non-consensual forcible sexual intercourse with plaintiff Miranda Hartzell.

12.     After each incident, Defendant Strawn would take Plaintiff Hartzell back to the Liberty County Jail and tell her not to tell anyone about the incident.  On at least

4

one occasion, the Plaintiff told a Liberty County Detention/Jail employee that she was scared of Deputy Strawn.   Another Liberty County Detention/Jail employee also expressed concern about Deputy Strawn constantly checking out Plaintiff.

13.     On November 2, 2007, Defendant Strawn transported Ms. Hartzell from the Gadsden Correctional Facility to the Liberty County women's Detention/Jail facility for a Liberty County court hearing involving her son.  On the way to the hearing Deputy Strawn sexually assaulted Ms. Hartzell while handcuffed and without a condom.  After the hearing he dropped her off at Liberty County Detention/Jail for almost two weeks without proper authorization.  Liberty County Detention allowed Deputy Strawn to drop Ms. Hartzell off for almost two weeks without proper authorization and made no inquiry as to why she was in their facility.

14.   On or about November 15, 2007, when Deputy Strawn remembered that Ms. Hartzell was a Gadsden Corrections inmate, he picked her up from Liberty County Detention without authorization and returned her to Gadsden Correction.  On the way to Gadsden Correction, Deputy Strawn again pulled down a secluded road, removed Ms. Hartzell from his vehicle and sexually assaulted her while handcuffed and shackled without using a condom.  Defendant Strawn's conduct represented a continuing tort against Ms. Hartzell.

**COUNT I**
**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST**
**CALHOUN COUNTY SHERIFF DAVID TATUM**

Plaintiff realleges paragraphs 1 through 14 and incorporates them fully herein.

15.     This claim is brought pursuant to the provisions of 42 U.S.C. § 1983 against Calhoun County Sheriff David Tatum in his official capacity.

16.     At all times while she was in the exclusive custody and care of the Calhoun County Sheriff's Department, Miranda Hartzell had the constitutional right to be free from cruel and unusual punishment and the right to personal security and bodily integrity including the right to be free from sexual assaults.

17.     As the Sheriff of Calhoun County, and the government official into whose custody and care Miranda Hartzell was placed, Sheriff David Tatum owed a special duty of protection to Miranda Hartzell while she was in his custody and care as an inmate at the Liberty County Detention Center and at all times while she was being transported back and forth between court appearances and medical/dental appointments.

18.     Calhoun County Sheriff David Tatum, his employees, agents, subordinates, and including the supervisors of William Strawn, had prior knowledge that defendant Strawn posed a risk of harm to female inmates but failed to take reasonable steps, including without limiting, transport policies and procedures or adequate transport policies and procedures to prevent such harm from occurring to Miranda Hartzell.

a.)   Among other things, Defendant Strawn had been previously disciplined for allowing an unauthorized female to operate his Sheriff's vehicle.  Defendant Strawn allowed the unauthorized female to operate his Sheriff's vehicle to curry favor from her

which put or should have put Sheriff Tatum on notice of inappropriate attention he directed to female inmates.

b.)  It was fairly commonly known around the Calhoun County Sheriff's Office that Deputy Strawn often travelled to Liberty County to pick up female inmates without proper authorization and kept them out too long.  Yet, Sheriff Tatum took no action to stop Deputy Strawn or to institute procedures to monitor when he checked out female inmates and ensure he promptly returned them after their court appearances or medical appointments.

19.    Sheriff David Tatum had a legal obligation to protect Miranda Hartzell from sexual assaults by William Strawn.  Sheriff David Tatum knew that his inaction created a substantial risk of serious injury to female inmates such as Miranda Hartzell.

20.    With deliberate indifference to Ms. Hartzwell's personal safety, Sheriff David Tatum failed to protect her from substantial risk of serious harm, including sexual assault in violation of her rights under the Eighth and Fourteenth Amendments to the United States and under 42 U.S.C. §1983.  In doing so, Sheriff David Tatum violated clearly established law which a reasonable person in Sheriff Tatum's position would have known violated that clearly established law.

21.    The sexual assault against Miranda Hartzell was the result of Sheriff David Tatum's custom, practice, rule and/or policy of deliberate indifference to the substantial risk of harm which he knew or should have known William Strawn posed to female inmates such as Miranda Hartzell, and his deliberate indifference to female

7

inmates, including Miranda Hartzell, in failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct about which he knew or should have known involving Strawn's sexual relations with other female inmates.

22.    As a direct and proximate result of Defendant Sheriff David Tatum's deliberate indifference to the substantial risk of harm he knew or should have known William Strawn posed to rights, health and safety of female inmates such as Miranda Hartzell, and his deliberate indifference to female inmates for failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

23.    As a direct and proximate result of Sheriff David Tatum's above described deliberate indifference, which was committed under color of state law and in violation of Miranda Hartzell rights to be secure in her person and be free from cruel and unusual punishment, Miranda Hartzell was sexually assaulted, imprisoned under torturous and inhumane conditions, and has suffered extreme emotional, mental and psychological injury.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE, Plaintiff Miranda Hartzell, demands judgment against Defendant Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

**COUNT II**
**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST LIBERTY COUNTY SHERIFF HARRELL REVELL**

Plaintiff realleges paragraphs 1 through 14 and 18 and incorporates them fully herein.

24.    This claim is brought pursuant to the provisions of 42 U.S.C. § 1983 against Liberty County Sheriff Harrell Revell in his official capacity.

25.    At all times while she was in the joint custody and care of the Liberty County Detention Center and the Calhoun County Sheriff's Department.  Miranda Hartzell had the constitutional right to be free from cruel and unusual punishment and the right to personal security and bodily integrity including the right to be free from sexual assaults.

26.    As the Sheriff of Liberty County, and the government official into who custody and care Miranda Hartzell was placed, Sheriff Harrell Revell owed a special duty of protection to Miranda Hartzell while she was in his custody and care as an inmate at the Liberty County Detention Center and at all times while she was being transported back and forth between court appearances and medical/dental appointments.  This special duty included the development and implementation of check-in check-out procedures of

inmates for any purpose by law enforcement officers which would include the Defendant William Strawn.  Those procedures which would apply to Plaintiff Miranda Hartzell should have included but was not limited to check out sheets (leaving and returning) listing the dates, times, purpose of leaving the facility, destination of the inmate while away from the facility, expected return date, name of officer transporting the inmate, and type of documentation required to be presented and documented to check out the inmates.

27.     Liberty County Sheriff Harrell Revell, his employees, agents, subordinates, and including the supervisors of William Strawn should have had prior knowledge that defendant Strawn's unscheduled numerous request to transport these female inmates without presenting appropriate transportation orders posed a risk of harm to female inmates but failed to take reasonable steps to prevent such harm from occurring to Miranda Hartzell.  Further, Deputy Strawn's dropping off Ms. Hartzell for two weeks while a Gadsden Correction inmate clearly put Sheriff Revell on notice of improper use of his detention facility.

28.     Sheriff Harrell Revell had a legal obligation to protect Miranda Hartzell from sexual assaults by William Strawn.  Sheriff Harrell Revell knew that his inaction created a substantial risk of serious injury to female inmates such as Miranda Hartzell.

29.     With deliberate indifference to Ms. Hartzwell's personal safety, Sheriff Harrell Revell failed to protect her from substantial risk of serious harm, including sexual assault in violation of her rights under the Eighth and Fourteenth Amendments to the United States and under 42 U.S.C. §1983.  In doing so, Sheriff Harrell Revell violated

clearly established law which a reasonable person in Sheriff Tatum's position would have known violated that clearly established law.

30.     The sexual assault against Miranda Hartzell was the result of Sheriff Harrell Revell's custom, practice, rule and/or policy of deliberate indifference to the substantial risk of harm which he knew or should have known William Strawn posed to female inmates such as Miranda Hartzell, and his deliberate indifference to female inmates, including Miranda Hartzell, in failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct about which he knew or should have known.  One of Sheriff Revell's officers was told by Ms. Hartzell that she was afraid of Deputy Strawn.  Also, another Liberty County Deputy knew of and expressed concern about Deputy Strawn's checking out female inmates so often without proper authorization.

31.     As a direct and proximate result of Defendant Sheriff Harrell Revell's deliberate indifference to the substantial risk of harm he knew or should have known William Strawn posed to rights, health and safety of female inmates such as Miranda Hartzell, and his deliberate indifference to female inmates for failing to investigate and discipline William Strawn for other allegations/incidents of sexual abuse or misconduct in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

32.     As a direct and proximate result of Sheriff Harrell Revell's above described deliberate indifference, which was committed under color of state law and in violation of Miranda Hartzell rights to be secure in her person and be free from cruel and unusual punishment, Miranda Hartzell was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological injury continues to occur in the future.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE, Plaintiff Miranda Hartzell, demands judgment against Defendant Sheriff Harrell Revell for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT III
## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST WILLIAM STRAWN

33.     Miranda L. Hartzell realleges paragraphs 1 through 14 and 18 and incorporates them fully herein.

34.     William Strawn, acting under color of state law and/or local law, ordinances, policies, customs and usages of the State of Florida and Calhoun and Liberty County Sheriff's Offices, deprived and violated Miranda L. Hartzell's federally secured constitutional rights including her right to be secure in her person and her right to be free

12

from cruel and unusual punishment during her confinement in the Liberty County Detention Center.

35.     William Strawn, with deliberate indifference to Miranda L. Hartzell's constitutional rights, sexually assaulted her in 2007 through November 15, 2007, by forcing her to engage in intercourse with him when she was an inmate at the Liberty County Detention Center while handcuffed and shackled without using a condom.

36.     William Strawn misused and abused the official power granted to him by the Calhoun and Liberty County Sheriff's Offices in the performance of his official duties by assaulting numerous female inmates, including Ms. Hartzell, thereby causing harm to Miranda L. Hartzell.

37.     As a direct and proximate result of Defendant William Strawn's sexual assault of Miranda L. Hartzell in violation of 42 U.S.C. §1983, the Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her right to be free from cruel and unusual punishment.

38.     As a direct and proximate result of the acts of Defendant William Strawn, which were performed under color of state law and in violation of Miranda Hartzell's rights to be secure in her person and be free from cruel and unusual punishment, Miranda L. Hartzell was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological injury

continues to occur in the future.  Plaintiff has retained legal counsel to represent her in this matter to whom she must pay a reasonable attorney fee.

WHEREFORE, Plaintiff Miranda L. Hartzell, demands judgment against Defendant William Strawn for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT IV
## NEGLIGENT HIRING AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

39.     Miranda L. Hartzell realleges paragraphs 1 through 14 and 18 and incorporates them fully herein.

40.     At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun Court and other locations from the Liberty County Women's Correctional Facility, which held inmates, including Plaintiff Miranda L. Hartzell, had a duty to exercise reasonable care in the hiring of agents, employees and staff personnel, including Correctional Transport Officer Deputy William Strawn, who would be responsible for the custody and care of inmates and who were responsible to ensure the welfare and safety of the plaintiff and other inmates.

41.     Plaintiff Miranda L. Hartzell met Defendant William Strawn at the Liberty County Detention Center.  Their meeting and the subsequent harm which came to Miranda Hartzell would not have occurred but for Defendant Calhoun County Sheriff David Tatum's hiring and/or re-hiring of William Strawn and the authority bestowed upon William Strawn by virtue of his employment at the Calhoun County Sheriff's Office.

42.     Plaintiff Miranda Hartzell, as an inmate of the Liberty County Detention Center, whose custody, care, safety and well-being were the responsibility of Defendant Calhoun County Sheriff David Tatum as well as Defendant Liberty County Sheriff Harold Revell, was within the zone of foreseeable risk created by the employment of William Strawn and Defendant Calhoun County Sheriff David Tatum failed to conduct a reasonable background investigation and screening of its employee William Strawn before hiring and re-hiring him which would have revealed the unsuitability of William Strawn for the duties he was employed to perform, knowing that he would be in closed contact and in a position of authority over female inmates.

43.     At all times material, Defendant Calhoun County Sheriff David Tatum received the benefit of the employment relationship between Calhoun County Sheriff's Office David Strawn, who acted as a deputy and served as a Transport Officer over numerous inmates, including the Plaintiff, Miranda Hartzell.

44.     Defendant Calhoun County Sheriff David Tatum should have known of its employee, Deputy William Strawn's unfitness for employment as a deputy in a detention

center which held women, including the Plaintiff Miranda Hartzell, where the Detention Center and its agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates, yet unreasonably hired and/or re-hired Defendant William Strawn for a position for which he was unfit in light of his age, background, interests, and employment application.

45.     Defendant Calhoun County Sheriff David Tatum breached its duty to exercise reasonable care in the hiring and/or re-hiring of Defendant William Strawn, when Defendant should have known with the exercise of reasonable care and diligence, of William Strawn's inappropriate conduct toward female inmates which was open and obvious to Calhoun County Sheriff David Tatum and its agents, employees and staff and should have put Calhoun  County Sheriff David Tatum on notice that its employee, William Strawn, considering the type of work to be done by William Strawn, was a threat to others and of the potential for harm to the female inmates, including the plaintiff, from sexual abuse, molestation, embarrassment, invasion of her person and her privacy by William Strawn.

46.     As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligence in failing to exercise reasonable care in the hiring and/or re-hiring of William Strawn, the Plaintiff Miranda L. Hartzell, was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  The psychological damage is ongoing and will continue in the

16

future.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the minor Plaintiff's lifetime.

WHEREFORE, Plaintiff Miranda L. Hartzell, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT V
## NEGLIGENT SUPERVISION AGAINST CALHOUN
## COUNTY SHERIFF DAVID TATUM

47.     Miranda Hartzell realleges paragraphs 1 through 14 and 18 and incorporates them fully herein.

48.     At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun Court and other locations from the Liberty County women's Correctional Facility, which held inmates, including the Plaintiff Plaintiff Miranda L. Hartzell, had a duty to exercise reasonable care in supervising, monitoring and controlling its agents, employees and staff personnel, including Deputy William Strawn, who were responsible for the custody and care of inmates including the plaintiff, and who were responsible to ensure their welfare and safety and to protect them from harm such as sexual abuse.

17

49.     At all times material, Deputy William Strawn was on the premises of the Liberty County Detention Center and privileged to be on the premises by virtue of his employment with the Calhoun County Sheriff's Office and was in physical contact with the plaintiff by virtue of the authority conferred upon him by his employment with Calhoun County Sheriff's Office.  Plaintiff Miranda Hartzell, as an inmate at the Calhoun County Detention Center and whose custody, care, safety and well-being were Calhoun County Sheriff David Tatum's responsibility, as well as Defendant Liberty County Sheriff Harold Revell, was within the zone of foreseeable risk created by the employment of William Strawn.

50.     At all times material, Calhoun County Sheriff David Tatum had the ability to control its agents, employees and staff personnel, including William Strawn; knew or should have known of the necessity for exercising appropriate control over its agents, employees and staff personnel, including William Strawn; and had the opportunity to exercise control over its agents, employees and staff personnel, including William Strawn.

51.     In acting under the color of state law in a position of authority over inmates, including the plaintiff, Defendant Calhoun County Sheriff David Tatum should have known of the threat and potential for harm to inmates from sexual abuse, sexual molestation, and other types of inappropriate touching and/or misconduct by agents, employees and staff personnel and should have known that William Strawn was unsuitable to have contact with female inmates.

18

52. Defendant Calhoun County Sheriff David Tatum should have known of its employee, William Strawn's unfitness for employment during the course of his employment as a Deputy in a Detention Center which housed women, including the plaintiff, where the officers, directors, agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates and as such, it was not reasonable for Defendant Calhoun County Sheriff David Tatum to fail to take actions to properly supervise and monitor William Strawn.

53. Defendant Calhoun County Sheriff David Tatum breached its duty to exercise reasonable care in the supervision and monitoring of its employee, William Strawn, considering the type of work to be done by William Strawn, when Defendant should have known through the exercise of reasonable diligence of Strawn's inappropriate conduct toward female inmates and which should have put Calhoun County Sheriff David Tatum on notice of the potential for harm to the female inmates, including the plaintiff, from sexual abuse, sexual molestation, embarrassment, invasion of her person and privacy by William Strawn.

54. As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligent supervision and monitoring of William Strawn, the Plaintiff, Miranda L. Hartzell, was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury. These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the Plaintiff's lifetime.

WHEREFORE, Plaintiff Miranda L. Hartzell, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## COUNT VI
## NEGLIGENT RETENTION AGAINST CALHOUN SHERIFF DAVID TATUM

55.     *Miranda L. Hartzell realleges parag*raphs 1 through 14 and incorporates them fully herein.

56.     At all times material, Defendant Calhoun County Sheriff David Tatum, while acting in his official capacity as Calhoun County Sheriff and while engaged in the business of transporting female inmates back and forth to the Calhoun court and other locations from the Liberty County Women's Facility, which held inmates, including the Plaintiff Miranda Hartzell, had a duty to exercise reasonable care in employing and retaining agents, employees and staff personnel, including William Strawn, who were responsible for the custody and care of inmates including the plaintiff, and who were responsible to ensure their welfare and safety and protect them from harm such as sexual molestation.

57.     At all times material, William Strawn was on the premises of the Liberty County Detention Center and privileged to be on the premises by virtue of his

employment with the Calhoun County Sheriff's Office and in physical contact with the plaintiff by virtue of the authority conferred upon him by reasons of his employment with Calhoun County Sheriff's Office.  Plaintiff Miranda L. Hartzell as an inmate at Liberty County Detention Center, whose custody, care, safety and well-being were Calhoun County Sheriff David Tatum's and Liberty county Sheriff Harrell Revell's responsibility was within the zone of foreseeable risk created by the employment of William Strawn.

58.     In acting under color of state law in a position of authority over the inmates, including the plaintiff, Defendants Calhoun County Sheriff David Tatum and Liberty County Sheriff Harrell Revell,  should have known of the threat and potential for harm to female inmates from sexual abuse, sexual molestation, and other types of inappropriate touching and/or misconduct by agents, employees and staff personnel and should have known that William Strawn was unsuitable to have contact with female inmates considering his numerous unauthorized checking out of female inmates, general fear female inmates expressed to detention center employees about Detective Strawn and lack of proper documentation presented by Deputy Strawn to check out female inmates.

59.     Defendant Calhoun County Sheriff David Tatum should have known of its employee, William Strawn's unfitness for employment during the course of his employment as a Transport Officer in a facility with female inmates, including the plaintiff, where the Sheriff, its agents, employees and staff personnel were entrusted with the care, custody, safety and well-being of the inmates, yet Calhoun County Sheriff David Tatum retained William Strawn as an employee.

21

60.     Defendant Sheriff David Tatum breached its duty to exercise reasonable care in the retention of its employee, William Strawn, considering the type of work to be done by Strawn, when Defendant should have known through the exercise of reasonable diligence of Strawn's inappropriate conduct toward female inmates which was open and obvious should have put Calhoun County Sheriff David Tatum on notice of the potential for harm to the female inmates, including the plaintiff, from sexual abuse, sexual molestation, embarrassment, invasion of her person and her privacy by William Strawn.

61.     As a direct and proximate result of Defendant Calhoun County Sheriff David Tatum's negligent retention of William Strawn, and by reason of the employment of such incompetent employee, the Defendant David Tatum's negligent supervision and monitoring of William Strawn, the Plaintiff, Miranda Hartzell was sexually assaulted, imprisoned under torturous and inhumane conditions, suffered extreme emotional, mental and psychological injury.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the Plaintiff's lifetime.

WHEREFORE, Plaintiff Miranda Hartzell, demands judgment against Defendant Calhoun County Sheriff David Tatum for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.  Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

**COUNT VII**
**BATTERY AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM AND**
**DEPUTY SHERIFF AND TRANSPORT OFFICER WILLAM STRAWN**

Plaintiff realleges paragraph 1 through 14 and 18 and incorporates them fully herein.

62.     Defendant Strawn by removing a handcuffed and shackled prisoner under his control to a secluded area and vaginally penetrating her with his penis without using a condom against her will numerous times in 2007 (including without limiting,  November 2 and 15, 2007), committed a rape or sexual battery against Plaintiff Miranda Hartzell.

63.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff Hartzell, sustained emotional, mental and psychological injury.   The psychological injury continues and will continue to suffer in the future.

WHEREFORE, Plaintiff Miranda Hartzell, demands judgment against Defendant Calhoun County Sheriff David Tatum and Defendant Deputy Sheriff and Transport Officer William Strawn for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.   Plaintiff reserves the right to amend this Complaint at a later date and add a claim for punitive damages.

## DEMAND FOR JURY TRIAL

The Plaintiff, Miranda L. Hartzell, hereby demands trial by jury on all issues so triable.

This 1st day of November, 2011.

23

**Knowles & Randolph, P.A.**                    **Brown and Brown**
                                                **Attorneys at Law, P.A.**


\s\ Roosevelt Randolph, Esq.                    \s\ Hubert R. Brown, Esq.
Roosevelt Randolph, Esq.                        Hubert R. Brown, Esq.
Fla. Bar No.:   183446                          Fla. Bar No.: 0994110
3065 Highland Oaks Terrace                      1102 East Tennessee Street
Tallahassee, FL  32301                          Tallahassee, FL  32308
(850) 222-3768                                  (850) 224-2800
rooseveltr@knowlesandrandolph.com               HB@BrownandBrownLawyers.com

24